UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA C. PAZOL, MARIA C. NEWMAN, LISA RUSS, and AUDREY J. BENNETT, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOUGH MUDDER INCORPORATED, TOUGH MUDDER, LLC, and BK BRIDGE EVENTS, LLC,<br><br>Defendants. | Civil Action No. 4:14-cv-40180-DHH |

**MEMORANDUM IN SUPPORT OF TOUGH MUDDER'S
MOTION TO DISMISS AND COMPEL MEDIATION AND ARBITRATION**

Pursuant to Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), Defendants Tough Mudder Incorporated, Tough Mudder, LLC, and BK Bridge Events, LLC (collectively, "Tough Mudder") submit this memorandum in support of their motion to dismiss or stay this action and to compel Plaintiffs Lisa C. Pazol, Maria C. Newman, Lisa Russ, and Audrey Bennett (collectively, "Plaintiffs") to submit their claims individually to mediation, as required by the contract between each Plaintiff and Tough Mudder, and then, if mediation does not resolve those claims, to submit their claims individually to arbitration, also as required by their individual contracts with Tough Mudder.[1]

**INTRODUCTION**

As alleged in the First Amended Complaint and Demand for Jury Trial (the "Complaint" or "FAC"), Plaintiffs each entered into a contract with Tough Mudder to participate in the

---

[1] Tough Mudder hereby reserves its right to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) at a later date and in accordance with any schedule set by the Court, if this Court does not grant Tough Mudder's Motion as to all counts. *See Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1383 n.2 (10th Cir. 2009) (party may file Fed. R. Civ. P. 12 motion to dismiss complaint following denial of motion to compel arbitration).

September 6, 2014 Boston-area Mudderella obstacle course challenge organized by Tough Mudder.  Each contract contains a broad, unambiguous, and binding arbitration provision that requires each Plaintiff, "[i]n the event of a legal issue," to mediate all disputes in good faith and, only if such mediation should fail, to submit "all disputes, controversies, or claims arising out of [their] participation in the Mudderella event to binding arbitration."  By accepting this contract, each Plaintiff also agreed that mediation and arbitration "shall proceed solely on an individual basis without the right for any claims to be arbitrated on a class action basis."  The arbitration agreement provides that arbitration will be governed by the rules of the American Arbitration Association (the "AAA").

       The contract that each Plaintiff executed contains a valid agreement to mediate, which should be enforced.  The contract also contains a valid agreement to arbitrate, which the FAA mandates be enforced.  The fact that the Complaint includes a claim under Massachusetts' consumer protection statute, M.G.L. c. 93A, does not alter this analysis, as the law is clear that 93A claims do not invalidate either arbitration provisions or class waivers.  The Court's inquiry should end here because, by incorporating the AAA rules, the parties agreed to leave jurisdictional and arbitrability questions to the arbitrator.  Even if the Court considered the scope of the arbitration provision, it is clear that each count of the Complaint constitutes a "legal issue" that is subject to mediation, and also arises out of each Plaintiff's participation in the Mudderella event and is thus subject to binding arbitration.  This Court should, therefore, dismiss or stay this action and order that Plaintiffs pursue their claims in individual mediations or arbitrations.

# FACTUAL BACKGROUND[2]

## I.      The Agreement Between Plaintiffs and Tough Mudder.

As alleged in the Complaint, Tough Mudder is a New York-based company that organizes obstacle course challenges across the country, including in Massachusetts.  FAC ¶¶ 8-9.  Plaintiffs paid registration fees, of differing amounts, to participate in Tough Mudder's September 6, 2014 Boston-area Mudderella obstacle course challenge (the "Mudderella Event").  FAC ¶¶ 10, 14-17.  Plaintiffs allege they could not participate in the Mudderella Event because it was relocated from Haverhill, Massachusetts to Westbrook, Maine – a distance of approximately 80 miles.  FAC ¶ 21.  Plaintiffs also allege that they, and a class of similarly-situated persons, suffered damages from the relocation of the Mudderella Event.  *See generally*, FAC.

When registering for the Mudderella Event, each of the Plaintiffs explicitly agreed to terms and conditions included in a Participant Assumption of Risk, Waiver of Liability, and Indemnification Agreement on the registration website (the "Agreement").  *See* Request for Judicial Notice, filed concurrently herewith, at **Exhibit 1** (Agreement), **Exhibits 2-5** (Plaintiffs' registration confirmations); Affidavit of Lucas Barclay at ¶¶ 4-8.[3]  The Agreement provided that all disputes with Tough Mudder would be mediated in good faith and, if mediation failed, that the disputes would then be submitted to binding arbitration (the "Arbitration Provision"):

> Mediation and Arbitration:  ***In the event of a legal issue, I agree to engage in good faith efforts to mediate any disputes that might arise***.  Any agreement reached will be formalized by a written contractual agreement at that time.

---

[2]      The allegations of the Complaint cited herein are assumed to be true for purposes of this Motion only.  Tough Mudder denies any wrongdoing alleged in the Complaint and that it is liable to Plaintiffs on any legal theory.

[3]      As this Agreement, along with the Plaintiffs' individual registration confirmations, comprise the contracts that Plaintiffs attempt to enforce through their Complaint, i.e., by asserting that their allegations of Tough Mudder's wrongdoing constitute breach of contract and the covenant of good faith and fair dealing, it can be considered on this Motion to Dismiss.  *See Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) ("when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit" in motion to dismiss); *Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 363 (D. Mass. 2010) (court may consider documents central to plaintiffs' claim or sufficiently referred to in complaint without converting motion to dismiss into one for summary judgment).

> Should the issue not be resolved by mediation, ***I agree that all disputes, controversies, or claims arising out of my participation in the Mudderella event shall be submitted to binding arbitration*** in accordance with the applicable rules of the American Arbitration Association then in effect.  The cost of such action shall be shared equally by the parties.

Agreement at 4 (emphasis added).

In addition, when registering for the Mudderella Event, each Plaintiff explicitly waived her right to pursue any class or collective action:

> Class Actions:  I agree that any arbitration, mediation, or legal action shall proceed ***solely on an individual basis without the right for any claims to be arbitrated on a class action basis*** or on bases involving claims brought in a purported representative capacity on behalf of others.  Claims may not be joined or consolidated unless agreed to in writing by all parties.

*Id*. (emphasis added).[4]

The Agreement also included a "Fee Refund" provision that each Plaintiff accepted:  "I understand that all fees and associated costs (including optional product purchases, spectator tickets, and donations), paid in registration for this Mudderella event are not refundable for any reason under any circumstances, including but not limited to injury, a scheduling conflict, and/or event cancellation." *Id*. at 7.  This provision was repeated in a separate "Refund Policy" that each Plaintiff also accepted before she completed her registration for the Mudderella Event.  *See id*. at 7; Exhibits 2-5.

## II. The Complaint and Procedural Background.

Notwithstanding their agreement that disputes be individually resolved through good faith mediation or arbitration, Plaintiffs filed a putative class action complaint in the Superior Court for Worcester County, Massachusetts on September 2, 2014.  On November 13, 2014,

---

[4] The top of the Agreement also clearly stated: "READ THIS DOCUMENT CAREFULLY BEFORE SIGNING. THIS DOCUMENT HAS LEGAL CONSEQUENCES AND WILL AFFECT YOUR LEGAL RIGHTS AND WILL ELIMINATE YOUR ABILITY TO BRING FUTURE LEGAL ACTIONS." *Id*. at 1. Plaintiffs also signed an Acknowledgment of Understanding at the bottom of the Agreement that provided:  "I understand that I . . . [am] giving up substantial rights, including [my] right to sue." *Id*. at 6.

4

Plaintiffs amended the complaint to add a count under M.G.L. c. 93A.[5] *See generally*, FAC. Plaintiffs have alleged four causes of action: breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), and violation of M.G.L. c. 93A (Count IV). *Id*. Each of these causes of action stems from the same core contention: that Plaintiffs suffered damage from Tough Mudder's relocation of the Mudderella Event from Haverhill, Massachusetts to Westbrook, Maine.

On November 14, 2014, Tough Mudder accepted service of the Summons and Complaint. ECF# 1 (Notice of Removal) ¶ 6. Tough Mudder timely removed this action to this Court on December 12, 2014.[6] *See id*.

## ARGUMENT

**I.  Legal Standard.**

The FAA embodies a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011). The FAA provides that a court, upon determining that an action before it is subject to an enforceable arbitration agreement, "*shall* . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added). Additionally, upon determining the validity of the arbitration agreement and that one party has failed to comply, "the court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. § 4 (emphasis added).

---

[5]   On or about September 10, 2014, Plaintiffs sent a written demand for relief under M.G.L. c. 93A to Tough Mudder, to which Tough Mudder responded on October 9, 2014. FAC ¶¶ 51-52. Tough Mudder's response quoted the precise language to which Plaintiffs had agreed. *Id*. Ex. D. Therefore, even if Plaintiffs could claim that, when they first filed this action, they were unaware of their agreement to mediate or arbitrate on an individual basis, they were definitely aware of this agreement by the time they filed their amended Complaint.

[6]   On December 24, 2014, Plaintiffs filed a Motion for Remand and Motion for Jurisdictional Discovery. Tough Mudder's responses to these motions are due on January 21, 2015.

To determine whether the FAA mandate applies, courts first look to whether the parties have a valid, enforceable agreement to arbitrate. *Fantastic Sams Franchise Corp. v. FSRO Ass'n*, 683 F.3d 18, 25 (1st Cir. 2012). Courts then determine whether the parties have agreed to defer questions of scope of the arbitration agreement to the arbitrator or, if not, whether the agreement encompasses the dispute at issue. *See id*.; *see also Apollo Computer, Inc. v. Berg*, 886 F.2d 469, 473 (1st Cir. 1989) (parties agreed to defer questions of scope to the arbitrator by incorporating the Rules of Arbitration of the International Chamber of Commerce). Here, the Arbitration Provision is valid and binding on each Plaintiff and leaves the determination of arbitrability to the arbitrator. The Arbitration Provision is also broad enough to encompass all counts of the Complaint, necessitating their referral to arbitration.[7]

## II. The Mediation and Arbitration Provisions Are Valid and Enforceable.

The parties' agreements to mediate "any disputes that might arise" and, if mediation fails, to arbitrate "all disputes, controversies, or claims arising out of my participation in the Mudderella event" are both valid and enforceable.

### A. The Mediation Clause Is Valid and Enforceable.

First, because the parties agreed to good faith mediation as a condition precedent to arbitration, Plaintiffs' claims should be dismissed and referred to mediation. *See, e.g.,*

---

[7] Defendants Tough Mudder, LLC and BK Bridge Events, LLC are no longer legal entities with the capacity to be sued, and should be dismissed from this action for this additional reason. Effective July 1, 2014, Tough Mudder LLC converted from a limited liability company into a corporation, Defendant Tough Mudder Incorporated, pursuant to Section 265 of the General Corporation Law of Delaware. *See* Barclay Aff. at **Exhibit 6** (State of Delaware Certificate of Conversion). Tough Mudder LLC ceased to exist as of that date. *See* Del. Gen. Corp. Law § 265(f) ("When an [LLC] has been converted to a corporation of this State pursuant to this section, the corporation of this State shall, for all purposes of the laws of the State of Delaware, be deemed to be the same entity as the converting other entity.") Effective July 2, 2014, BK Bridge Events, LLC was merged into Defendant Tough Mudder Incorporated pursuant to Section 264 of the General Corporation Law of Delaware. *See* Barclay Aff. at **Exhibit 7** (State of Delaware Certificate of Merger). BK Bridge Events, LLC ceased to exist as of that date. *See* Del. Gen. Corp. Law § 259 ("When any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State the separate existence of all the constituent corporations . . . shall cease . . .") and § 264(e) (§ 259 applies to mergers between corporations and LLCs). The Certificates of Conversion and Merger are public records, of which the Court may take judicial notice on this Motion. *See* Tough Mudder's Request for Judicial Notice, filed concurrently herewith, and cases cited therein.

4836-1054-6209.

*GenopsGroup, LLC v. Public House Invs., LLC*, No. Civ. A. 14-0893 (ESH), 2014 U.S. Dist. LEXIS 129195, at *11 (D.D.C. Sept. 16, 2014) (dismissing claim because "[t]he failure to mediate . . . a contract that makes mediation . . . a condition precedent to filing a lawsuit has been held to warrant dismissal") (cited cases omitted); *3-J Hospitality, LLC v. Big Time Design, Inc.*, No. 09-61077-CIV, 2009 U.S. Dist. LEXIS 100601, at *4 (S.D. Fla. Oct. 27, 2009) ("Where the parties' agreement requires mediation as a condition precedent to arbitration or litigation [and no such mediation has taken place], the complaint must be dismissed."); *Brosnan v. Dry Cleaning Station, Inc.*, No. C-08-02028 EDL, 2008 U.S. Dist. LEXIS 44678, at *2 (N.D. Cal. June 6, 2008) ("Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal."). *Cf. HIM Portland, LLC v. DeVito Builders, Inc.*, 317 F.3d 41, 44 (1st Cir. 2003) (holding that neither party could be compelled to arbitrate where plain language of agreement made mediation a condition precedent to arbitration and mediation had not been requested).

      B.    <u>The Arbitration Clause Is Valid and Enforceable.</u>

Dismissal is also necessary pursuant to the FAA because the Arbitration Provision that makes mediation a condition precedent to binding arbitration, *not* litigation, is also valid and enforceable. The FAA provides that written arbitration agreements are valid, enforceable, and irrevocable except if there are legal or equitable grounds for revocation. 9 U.S.C. § 2. When deciding whether an arbitration agreement is valid, courts "apply ordinary state-law principles that govern the formation of contracts," and must give due regard to the federal policy favoring arbitration, resolving ambiguities as to the scope of the arbitration clause in favor of arbitration. *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 376 (1st Cir. 2011) (affirming order to compel arbitration).

Here, there are no grounds to revoke the Arbitration Provision, which is therefore valid and enforceable under the FAA.[8] The terms of the Arbitration Provision are clear, legible, and unambiguous, and they are equally binding on both Plaintiffs and Tough Mudder. Plaintiffs have not alleged any ground for revoking the Arbitration Provision – nor would that be appropriate, as Plaintiffs themselves purportedly seek to enforce the Agreement in their Complaint. *See* FAC ¶¶ 30-37 (alleging breach of contract by moving Mudderella Event to Maine and not refunding registration fees or reimbursing for additional expenses incurred); ¶¶ 38-41 (alleging breach of the covenant due to the same alleged conduct). Plaintiffs cannot seek to recover damages from breach of the Agreement while simultaneously avoiding the Agreement's arbitration obligation.

Not surprisingly, district courts in the First Circuit have regularly upheld explicit agreements to mediate and arbitrate like the one to which Plaintiffs agreed. *See, e.g.*, *HK Juno Int'l Co. v. Advanced RenewableEnergy Co.*, No. 12-cv-232-SM, 2013 U.S. Dist. LEXIS 8399, at *6-7 (D.N.H. Jan. 18, 2013) (granting motion to compel mediation and arbitration) (unpublished); *Cellu-Beep, Inc. v. Telecorp, Inc.*, 322 F. Supp. 2d 122 (D.P.R. 2004) (granting motion to dismiss and referring all claims to arbitration). The same result is appropriate here.

C.      Plaintiffs' M.G.L. c. 93A Claim Is Also Subject to Binding Arbitration.

The inclusion of a claim under Massachusetts' consumer protection statute, M.G.L. c. 93A, does not alter this result. In *McInnes v. LPL Financial, LLC*, 466 Mass. 256 (2013), the Massachusetts Supreme Judicial Court held that 93A does not preclude a court from compelling

---

[8] The Agreement provides that "if Mediation and Arbitration prove unsuccessful and legal action is brought . . . only the substantive laws of the State in which the Mudderella event is held shall apply," and that the Agreement "is intended to be as broad and inclusive as is permitted by the state in which the Mudderella event is held." Agreement at 4. As the Mudderella Event was held in Westbrook, Maine, these provisions could be construed to mean that Maine law applies to the interpretation of the Agreement. However, the Mudderella Event was marketed as a Massachusetts event, was originally scheduled to be held in Massachusetts, and the Plaintiffs brought their case in Massachusetts state court and included claims under Massachusetts law. For these reasons, it is not clear whether a court would hold that Massachusetts or Maine law should apply to the Agreement. There is no need to resolve this issue upon this Motion, however, as the grounds for revocation of a contract, which are common to both Massachusetts and Maine, are not present here – there is no fraud, duress, or unconscionability.

arbitration of a consumer claim.  If the consumer has executed a valid contract agreeing to arbitrate all disputes, those claims "*must* be referred to arbitration where the contract involves interstate commerce and the agreement to arbitrate is enforceable under the [FAA]."  466 Mass. at 257 (emphasis added).  The Agreement at issue clearly involves interstate commerce, as Plaintiffs reside in Massachusetts and Tough Mudder is a New York-based company and, as noted above, the Arbitration Provision is enforceable under the FAA.  For these reasons, the Arbitration Provision is enforceable and all Plaintiffs' claims, including their 93A claims, must be referred to arbitration.

Nor do Plaintiffs' consumer claims invalidate the class action waiver to which they agreed.  A class action waiver in an arbitration agreement is enforceable under the FAA even if a plaintiff argues that the class waiver effectively precludes him or her from vindicating federal statutory rights.  *Am. Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2312 (2013).  This is because, as the Supreme Court earlier held in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), "the FAA's command to enforce arbitration agreements trumps any interest in ensuring the prosecution of low-value claims," which "is 'unrelated' to the FAA."  *Am. Express*, 133 S. Ct. at 2312 n.5.  "[T]he fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy."  *Id*. at 2311 (emphasis in original).  "Accordingly, the FAA . . . favor[s] the absence of litigation when that is the consequence of a class-action waiver, since its 'principal purpose' is the enforcement of arbitration agreements according to their terms."  *Id*. at 2312 n.5.  This standard applies regardless of whether the claim sought to be vindicated arises under federal or state law.  *Feeney v. Dell, Inc*., 466 Mass. 1001 (2013) (applying *Am. Express* holding to case with 93A claims).

9

For this reason, Plaintiffs' claims should be dismissed to be mediated (or arbitrated) on an *individual* basis, as the Agreement provides.[9]

### III. Because the Arbitration Provision Incorporates the AAA Rules, an Arbitrator Must Determine Whether Plaintiffs' Claims Are Arbitrable.

As several courts have concluded, an arbitration clause that incorporates the AAA rules or analogous rules demonstrates the parties' agreement that an arbitrator, rather than the court, must determine the arbitrability of the dispute. *See, e.g.*, *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262-63 (5th Cir. 2014) (holding that the incorporation of the AAA rules into the parties' arbitration clause constituted "clear and unmistakable evidence that the parties agreed to arbitrate arbitrability"); *Emilio v. Sprint Spectrum L.P.*, 508 F. App'x 3, 5-6 (2d Cir. 2013) (same under the JAMS Comprehensive Arbitration Rules & Procedures); *Wynn Resorts v. Atl.-Pac. Capital, Inc.*, 497 F. App'x 740, 742 (9th Cir. 2012) (same under the JAMS Streamlined Arbitration Rules & Procedures).  This is because the AAA rules specifically reserve determinations of jurisdiction and arbitrability for the arbitrator.  *See* AAA Commercial Arbitration Rules & Mediation Procedures, Rule R-7 (Oct. 1, 2013) and AAA Consumer Arbitration Rules, Rule 14 (Sept. 1, 2014), *available at* http://www.adr.org/aaa/faces/rules (last visited Jan. 14, 2015) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."); *see also, e.g.*, JAMS Comprehensive Arbitration Rules & Procedures, Rule 11(b) (July 1, 2014), *available at* http://www.jamsadr.com/rules-comprehensive-arbitration/ (last visited Jan. 14, 2015).

Indeed, the First Circuit has held that the incorporation of the analogous Rules of the Arbitration of the International Chamber of Commerce – which also provide that the arbitrator

---

[9] Notably, even if the class waiver were deemed invalid, that waiver appears in a separate, severable provision of the Agreement, and does not impact the enforceability of the Arbitration Provision.

4836-1054-6209.

decides its jurisdiction – constitutes clear and unmistakable evidence that the parties intended to delegate questions of arbitrability to the arbitrator. *Apollo Computer*, 886 F.2d at 473. By expressly incorporating the AAA rules into the Arbitration Provision, *see* Agreement at 4, Plaintiffs and Tough Mudder delegated the question of arbitrability to the arbitrator. Accordingly, this Court need not address whether Plaintiffs' claims "arise out of [Plaintiffs'] participation in the Mudderella event," as that question is for the arbitrator to decide.

### IV.  Each Plaintiff Has Agreed to Mediate All "Legal Issues" and to Arbitrate "All Disputes, Controversies, or Claims Arising Out of [Her] Participation in the Mudderella Event," Which Includes All Claims in this Action.

Even if it were for this Court to decide the question of whether Plaintiffs' substantive claims fall within the scope of the Arbitration Provision, there can be no doubt that each of Plaintiffs' claims is encompassed in the contractual requirement, "[i]n the event of a legal issue," to first "engage in good faith efforts to mediate any disputes that might arise," and then, "[s]hould the issue not be resolved by mediation," to arbitrate "all disputes, controversies, or claims arising out of my participation in the Mudderella event." Agreement at 4. As the First Circuit has instructed, this language should be interpreted broadly, and where such broad language is used, "[i]n the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration" can preclude arbitration. *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1, 8 (1st Cir. 2014) (citation omitted).

Under these principles, all counts of Plaintiffs' Complaint fall squarely within the scope of the Arbitration Provision and must be mediated – and then, only if necessary, arbitrated. With respect to mediation, each of Plaintiffs' causes of action (breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and violation of M.G.L. c. 93A) is

11

clearly a "legal issue" relating to the Plaintiffs' "dispute" with Tough Mudder's determination that it had to relocate the Mudderella event and, in compliance with the Agreement, to not refund registration fees or offer reimbursement for additional expenses due to the relocation.  With respect to arbitration, each of Plaintiffs' causes of action all arise out of their "participation" – or alleged inability to participate – in the Mudderella event, and should be arbitrated.  To the extent there is any doubt as to this result, "ambiguities as to the scope of the arbitration clause" should be "resolved in favor of arbitration."  *Id.* at 7; *Dialysis Access Ctr.*, 638 F.3d at 376.

## CONCLUSION

For the foregoing reasons, Tough Mudder respectfully requests that the Court grant the Motion in its entirety and dismiss or stay the litigation in favor of individual mediation or arbitration of all Counts of the Complaint.  Tough Mudder further requests that the Court extend the time to respond to Plaintiffs' Complaint (if necessary) until thirty (30) days following the Court's ruling on the instant Motion.

Respectfully submitted,

TOUGH MUDDER INCORPORATED,
TOUGH MUDDER, LLC, and
BK BRIDGE EVENTS, LLC,

By their attorneys,

/s/ *Jaclyn V. Piltch*
Michael J. Tuteur, BBO# 543780
mtuteur@foley.com
Jaclyn V. Piltch, BBO# 682945
jpiltch@foley.com
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199
Tel: (617) 342-4000
Fax: (617) 342-4001

Dated: January 14, 2015

4836-1054-6209.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 14, 2015, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.


Dated:  January 14, 2015                                  */s/ Jaclyn V. Piltch*
                                                                            Jaclyn V. Piltch

4836-1054-6209.