UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA C. PAZOL, MARIA C. NEWMAN, LISA RUSS, and AUDREY J. BENNETT, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOUGH MUDDER INCORPORATED, TOUGH MUDDER, LLC, and BK BRIDGE EVENTS, LLC,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 14-40180-TSH |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND COMPEL MEDIATION AND ARBITRATION (Docket No. 14)

**April 22, 2015**

**HILLMAN, D.J.**

Plaintiffs Lisa Pazol, Maria Newman, Lisa Russ, and Audrey Bennett ("Plaintiffs") bring this class action against Defendants Tough Mudder Incorporated, Tough Mudder, LLC, and BK Bridge Events, LLC ("Tough Mudder"). Plaintiffs registered and paid to participate in Tough Mudder's Boston-area "Mudderella" obstacle course event, scheduled to take place on September 6, 2014 in Haverhill, Massachusetts. Just days before the event, Tough Mudder moved the location to Westbrook, Maine. Plaintiffs were unable to attend, and Tough Mudder refused to refund their registration fees. Plaintiffs allege damages as a result of the event's relocation, on behalf of themselves and a class of similarly situated persons.[1] For the foregoing reasons, Defendants' Motion to Dismiss and Compel Mediation and Arbitration is ***granted***.

---

[1] The First Amended Complaint asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

1

## Background

When registering for the Mudderella Boston event on the Tough Mudder website, each of the Plaintiffs agreed to the Participant Assumption of Risk, Waiver of Liability, and Indemnification Agreement ("Participant Agreement").[2] *See* Barclay Aff., Docket No. 16, Ex. 1. The Participant Agreement was presented to registrants in three separate scroll windows on the registration webpage. Barclay Aff. at ¶ 1. Each registrant agreed to the terms of the Participant Agreement by checking a box next to each scroll window. *Id.* Included in the Participant Agreement is the following mediation and arbitration clause:

> Mediation and Arbitration: In the event of a legal issue, I agree to engage in good faith efforts to mediate any dispute that might arise. Any agreement reached will be formalized by a written contractual agreement at that time. Should the issue not be resolved by mediation, I agree that all disputes, controversies, or claims arising out of my participation in the Mudderella event shall be submitted to binding arbitration in accordance with the applicable rules of the American Arbitration Association then in effect. The cost of such action shall be shared equally by the parties.

*See* Barclay Aff., Docket No. 16, Ex. 1, at 5. The Participant Agreement also includes a waiver of class action claims:

> Class Actions: I agree that any arbitration, mediation, or legal action shall proceed solely on an individual basis without the right for any claims to be arbitrated on a class action basis or on bases involving claims brought in a purported representative capacity on behalf of others. Claims may not be joined or consolidated unless agreed to in writing by all parties.

*Id.* On the basis of these contract terms, Defendants request an order dismissing Plaintiffs' claims and compelling mediation and arbitration on an individual basis.

---

[2] With the affidavits of Lucas Barclay (Docket Nos. 16 & 37) and Darah Wolf (Docket No. 38), Defendants have sufficiently authenticated a copy of the Participant Agreement (Docket No. 16, Ex. 1), and screen shots of Plaintiffs' registration confirmation webpages (Docket No. 16, Ex. 2-5). Therefore, the Court finds that the Participant Agreement submitted by Defendants governs this dispute, and denies Plaintiff's Motion to Strike the Affidavit of Lucas Barclay (Docket No. 33).

**Analysis**

The Federal Arbitration Act ("FAA") requires courts to enforce agreements to arbitrate contract disputes, even where the agreement requires claims to be arbitrated individually.[3] *See AT&T Mobility, LLC v. Concepcion*, -- U.S. --, 131 S.Ct. 1740 (2011) (holding that the FAA preempts a state judicial rule prohibiting class arbitration waivers in consumer contracts). Class arbitration waivers are enforceable even where the cost of individual arbitration effectively prevents the pursuit of low-value claims. *See Am. Express Co. v. Italian Colors Rest*., -- U.S. --, 133 S.Ct. 2304 (2013); *see also Feeney v. Dell Inc.*, 466 Mass. 1001, 1003, 993 N.E.2d 329 (2013). The fact that Plaintiffs assert a claim under M.G.L. c. 93A does not obviate the arbitration clause. *See McInnes v. LPL Financial, LLC*, 466 Mass. 256, 257, 994 N.E.2d 790 (2013). Further, courts routinely uphold agreements to mediate in good faith as a condition precedent to arbitration or litigation. *See, e.g.*, *HIM Portland, LLC v. Devito Builders, Inc.*, 317 F.3d 41, 43-44 (1st Cir. 2003).

No grounds exist at law or equity that would invalidate the agreement under § 2 of the FAA. The Court rejects Plaintiff's contention that the mediation, arbitration and class waiver terms are unconscionable.[4] Although the Participant Agreement may be a contract of adhesion, that fact alone does not make the terms at issue unenforceable. *See Miller v. Cotter*, 448 Mass. 671, 684 n.16, 863 N.E.2d 537 (2007). Nor does the fact that Plaintiffs clicked an online

---

[3] Section 2 of the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

[4] Plaintiffs also assert several contract formation defenses, including mutual mistake, lack of consideration, and failure to perform a condition precedent. The Court rejects these perfunctory arguments for the reasons set forth in Defendant's Reply Memorandum, Docket No. 36, at 8-10.

checkbox to indicate their assent affect the analysis. Such "clickwrap" agreements are commonly enforced in Massachusetts and Federal Courts. *See, e.g.*, *Ajemian v. Yahoo!*, 83 Mass. App. Ct. 565, 576, 987 N.E.2d 604 (2013) (collecting cases); *Bagg v. HighBeam Research, Inc.*, 862 F. Supp. 2d 41, 45 (D. Mass. 2012). By registering for Mudderella Boston, Plaintiffs proactively signed up for a voluntary event. The Participant Agreement conspicuously states at the outset that it "WILL ELIMINATE [the participant's] ABILITY TO BRING FUTURE LEGAL ACTIONS." *See* Barclay Aff., Docket No. 16, Ex. 1, at 1 (all caps in original). Further, the Participant Agreement did not require Plaintiffs to waive all statutory and common law remedies, and the arbitrator may still award compensatory damages, attorney's fees, and multiple damages on the 93A claim. *See McInnes*, 466 Mass. at 266-67. Therefore, the Court finds that the Participant Agreement's mediation, arbitration, and class waiver terms are valid and enforceable.

## ORDER

For the foregoing reasons, Defendant's Motion to Dismiss and Compel Mediation and Arbitration (Docket No. 14) is ***granted***. Pursuant to 9 U.S.C. § 4, Plaintiffs ***are hereby ordered*** to mediate and arbitrate their cases individually, as provided for in the Participant Agreement, if they wish to pursue these claims. This case is dismissed.

SO ORDERED.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**